Anthony England, et al. v. PCS, LLC.
Preferred Cabling Solutions, LLC's Answer and Affirmative Defenses and Cross Claim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:14-cv-81127-DMM
MIDDLEBROOKS/BRANNON

ANTHONY ENGLAND, ANDREW ANTOLINI III, and SEAN MORRIS,

Plaintiff(s),

v.

PREFERRED CABLING SOLUTIONS, LLC,

Defendant(s).
_____/

**DEFENDANT'S, PREFERRED CABLING SOLUTIONS, LLC, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant, Preferred Cabling Solutions, LLC ("PCS"), hereby answers, by corresponding paragraph numbers, Plaintiffs' Complaint. For convenience, PCS uses the same headings used by Plaintiffs in their Complaint.

1. PCS admits that the Court has jurisdiction. The remaining allegations contained in Paragraph 1 of the Complaint call for legal conclusions to which no responses are necessary, and are therefore denied.

**COUNT I**

2. Admitted.

3. The allegations contained in Paragraph 3 of the Complaint call for legal conclusions to which no responses are necessary, and are therefore denied.

4. The allegations contained in Paragraph 4 of the Complaint call for legal conclusions to which no responses are necessary, and are therefore denied.

5. Denied.

6. PCS admits that it possess records concerning the hours worked by, and the compensation paid to Plaintiffs. It is without knowledge or information sufficient to form a belief as to documents in possession of the Plaintiffs, and therefore denies the reaming allegations in Paragraph 6.

7. The allegations contained in Paragraph 7 of the Complaint call for legal conclusions to which no responses are necessary, and are therefore denied.

## GENERAL DENIAL

8. PCS denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

PCS asserts the following affirmative and other defenses, which it has designated, collectively, as "affirmative defenses." PCS's designation of its defenses as "affirmative" is not intended in any way to later Plaintiffs' burden of proof with regard to any element of their causes of action.

### First Affirmative Defense

9. In calculating overtime liability, if any, PCS is entitled to the exclusion of all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254

### Second Affirmative Defense

10. In calculating overtime liability, if any, PCS is entitled to the exclusion of all time spent on traveling to and from the actual place of performance of the principal activity or activities which employee are employed to perform under 29 U.S.C. § 254.

Anthony England, et al. v. PCS, LLC.
Preferred Cabling Solutions, LLC's Answer and Affirmative Defenses and Cross Claim

### Third Affirmative Defense

11. Plaintiffs' claims for liquidated damages are barred in whole or in part by the provisions of 29 U.S.C. § 260 because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions did not violate the law.

### Fourth Affirmative Defense

12. Without conceding that Plaintiffs have suffered any damages as a result of any alleged wrongdoing by PCS, Plaintiffs have failed to exercise reasonable care to mitigate or minimize their damages alleged damages and their right to recover against PCS should be reduced and/or eliminated by such failure.

### Fifth Affirmative Defense

13. Any damages suffered were the result of failure by Plaintiffs to comply with the reasonable expectations of PCS and/or follow PCS's reasonable instructions and/or polices.

### Sixth Affirmative Defense

14. Some or all of the hours worked by Plaintiffs and claimed as unpaid were *de minimis* and do not qualify as compensable hours worked under the Fair Labor Standards Act.

### Seventh Affirmative Defense

15. Plaintiff's Complaint fails to allege sufficient ultimate facts upon which relief can be granted and accordingly, must be dismissed.

### Eighth Affirmative Defense

16. The claims of Plaintiffs may be barred by the doctrines of payment, setoff, accord and satisfaction, and/or release.

### Ninth Affirmative Defense

Anthony England, et al. v. PCS, LLC.
Preferred Cabling Solutions, LLC's Answer and Affirmative Defenses and Cross Claim

17. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

### Tenth Affirmative Defense

18. Without conceding that Plaintiffs have suffered any damages as a result of any alleged wrongdoing by PCS, Michael Harrison who was a corporate officer with operational control of a PCS's enterprise and acted both directly and indirectly in the interest of PCS in relation to employees is an employer, pursuant to 29 U.S.C. § 203(d). As such he is jointly and severally liable for any potential violations of the Fair Labor Standards Act made by PCS.

## CROSS-CLAIM OF DEFENDANT PREFERRED CABLING SOLUTIONS AGAINST DEFENDANT MICHAEL HARRISON

Defendant, Preferred Cabling Solutions (PCS), cross-claims against Defendant, Michael Harrison ("Harrison"), and alleges:

### Jurisdiction and Venue

19. Jurisdiction is proper in this Court pursuant to the Fair Labor Standards, specifically 29 U.S.C. § 216(b)
20. Venue is proper in the Southern District of Florida because Cross Claimant PCS is a Florida Corporation, having a place of business and doing business in Palm Beach County where it has engaged in cable TV and internet installation. In addition, Cross Defendant, Harrison was the Vice President of PCS at all times relevant to this action and had oversight over all employment matters for PCS.

### Factual Background

21. Harrison was the defacto owner of PCS, and installed Rebecca Sasser as President in name only as a way to insulate himself from liabilities incurred to creditors due to his bankruptcy action.[1]
22. Harrison instead chose to be given the title of vice president of PCS

---

[1] Harrison's bankruptcy action was filed in the Middle District of Florida under case number 6:13-bk-10087-ABB

23. As vice-president of PCS Harrison was responsible for all aspects of the business including acting directly and indirectly in the interest of PCS in relation to all employment matters.
24. Harrison was in charge of hiring and firing PCS's workers.
25. Harrison also was in charge of creating schedules for workers, reviewing and approving time sheets of workers, and directing how and when payment to said workers was made.
26. Further, Harrison negotiated and executed contracts on behalf of PCS, knew the most about the labor pool and day to day operation of the business.
27. In sum, Harrison effectively dominated the administration of PCS's business dealings during all times relevant to this action.
28. On February 6, 2014 Harrison executed a Settlement Agreement with Sasser concerning his disassociation with PCS. As part of the agreement and specifically because of his domination of administrative responsibilities relating to PCS, Harrison specifically affirmed that at all times PCS treated and compensated its contractors and employees properly.
29. Based on all of the aforementioned factors, pursuant to 29 U.S.C.S. § 203(d) Harrison qualifies as a Joint Employer under the FLSA.

## Count One Contribution and Indemnity

30. PCS realleges and incorporates the allegations set forth above in paragraphs 1-29 above as if set forth herein in full.
31. The complaint by Plaintiff in the above-entitled action seeks to hold Defendant PCS and liable for damages arising out of wage issues pursuant to 29 U.S.C. § 216(b)
32. Without admitting to any wrongdoing on the part of PCS, if PCS is found liable for damages pursuant to the FLSA, as a joint employer, Harrison is jointly and severally liable for any unpaid wages.
33. PCS brings this cross-claim action for contribution and indemnity.

WHEREFORE, Cross Claimant PCS demands judgment against Defendant Harrison as follows:

1. For an order directing that Harrison is at minimum equally responsible to pay Plaintiffs any and all sums that may be adjudged against Cross Claimant PCS in favor of Plaintiffs.

2. For other and further relief as the court may deem proper.

Anthony England, et al. v. PCS, LLC.
Preferred Cabling Solutions, LLC's Answer and Affirmative Defenses and Cross Claim

## DEMAND FOR JURY TRIAL

Preferred Cabling Solutions, LLC demands a Jury Trial on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served this 3rd day of November 2014 via E-Mail on all counsel of record identified on the attached Service List.

By: /s/ Craig Oberweger

Craig M. Oberweger, Esq.
Fla. Bar No. 0075076
Craig@palmlawpartners.com
Palm Law Partners, P.A.
7000 W. Palmetto Park Road
Suite 210
Boca Raton, FL 33431
Phone: 800.520.2052
Fax: 800.520.2052

## SERVICE LIST
### ANTHONY ENGLAND, ANDREW ANTOLINI III, AND SEAN MORRIS, PREFERRED CABLING SOLUTIONS, LLC, MICHAEL HARRISON

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. 9:14-cv-81127-DMM
Via CM/ECF

| Joseph Bilotta, Esq.<br>VASALLO, BILOTTA, FRIEDMAN & DAVIS<br>1655 Palm Beach Lakes Blvd., Suite 1000<br>West Palm Beach, FL 33401<br>561-471-2800- Telephone<br>561-471-2818- Facsimile<br>Attorney for Plaintiffs | Michael Harrison |
|---|---|